ERIC J. SIDEBOTHAM (SBN 208829)
DANIEL M. SHAFER (SBN 244839)
**ERIC J. SIDEBOTHAM, APC**
TechMart Center
5201 Great America Parkway, Suite 320
Santa Clara, California 95054
Telephone:   (408) 856-6000
Facsimile:    (408) 608-6001

Attorneys for Plaintiff,
ARDENTE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARDENTE, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD J. SHANLEY, an individual; WEAR THE BEST, INC., a Connecticut corporation; STIR CHEF LLC, aka STIRCHEF LLC, a dissolved Connecticut limited liability company; DYNAMIC LIVING, INC., a Connecticut corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | NO. CIV. 07-CV-04479<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT, AND FRAUD**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ardente, Inc. ("Plaintiff"), for its Complaint against Defendants Richard J. Shanley, Wear The Best, Inc., Stir Chef LLC aka StirChef LLC, and Dynamic Living, Inc. ("Defendants"), upon knowledge as to its own acts, and upon information and belief as to all other matters, hereby alleges as follows:

## INTRODUCTORY STATEMENT

1. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 101 *et seq.*, as hereinafter more fully appears. This action also arises under the laws of the State of California for breach of contract and fraud.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Pendent jurisdiction over the breach of contract count and the fraud count is conferred on this Court by 28 U.S.C. § 1367(a) because said counts are part of the same case or controversy as the patent infringement count. Alternately, this Court also has jurisdiction over the breach of contract count and the fraud count under 28 U.S.C. § 1332 because of the existing diversity of citizenship between the parties and because, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 (seventy-five thousand dollars).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## INTRADISTRICT ASSIGNMENT

4. Assignment of this action on a district-wide basis proper under Civil L.R. 3-2(c), in that this is an Intellectual Property Action.

## PARTIES

5. Plaintiff is a corporation organized and existing under the laws of the state of California with its principal place of business at 2121 Gold Poppy Street, Brentwood, California 94513.

6. Upon information and belief, Defendant Richard J. Shanley ("Shanley") is an individual residing at 165 Old Mail Trail, Westbrook, Connecticut 06498.

7. Upon information and belief, Defendant Wear The Best is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Connecticut with its principal place of business at 32 Henry Street, Building 17A, Bethel, Connecticut 06801.

8. Upon information and belief, Defendant Stir Chef was, until its dissolution on or about March 15, 2004, a Connecticut limited liability company with its principal place of business at 32 Henry Street, Building 17A, Bethel, Connecticut 06801.

9. Upon information and belief, Defendant Shanley is the president of defendant corporation Wear The Best, was a member of defendant limited liability company Stir Chef (now dissolved), and during the acts herein alleged was a conscious, active and dominant force behind the unlawful acts of all Defendants. Also upon information and belief, Defendant Shanley is liable for the acts of Stir Chef and Wear the Best alleged herein as the alter ego of each. Recognition of the privilege of separate existence would promote injustice because, on information and belief, Shanley in bad faith dominated and controlled Stir Chef and Wear the Best in one or more of the following ways:

(a) On information and belief, Shanley failed to maintain adequate company records of Stir Chef and Wear the Best.

(b) On information and belief, Shanley diverted assets from Stir Chef and Wear the Best to himself or one or more third persons or entities, to the detriment of others, including Plaintiff.

(c) On information and belief, Shanley commingled funds and other assets of Stir Chef and Wear the Best with his own funds and other assets, for his own convenience and to assist in evading efforts to collect on liabilities for infringement.

        (d)      On information and belief, Shanley diverted funds and other assets of Stir Chef and Wear the Best to other than company uses.

10.     Upon information and belief, Defendant Dynamic Living is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Connecticut with its principal place of business at 95 West Dudleytown Road, Bloomfield, Connecticut 06002.

11.     Upon information and belief, Defendants Does 1 through 20 are individuals and business entities engaged in concert with other Defendants in the illegal activities alleged herein. The identities of these Does presently are not and cannot be known to Plaintiff.

### COUNT 1: PATENT INFRINGEMENT
### (Asserted against all Defendants)

12.     Plaintiff repeats and alleges the allegations of Paragraphs 1 through 11 as if set forth herein.

13.     On September 5, 2000, United States Letters Patent No. 6,113,258 (hereinafter referred to as the "258 Patent"), entitled BATTERY POWERED FOOD STIRRER WITH PIVOTALLY MOUNTED SPRING BIASED ARMS, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the 258 Patent is attached as <u>Exhibit A</u> to this Complaint, and is incorporated herein by reference.

14.     Plaintiff is the assignee and owner of all right, title and interest in and to the 258 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

15.     Upon information and belief, Defendants, and all of them, without authorization, have been and still are infringing the 258 Patent, and contributing to and actively inducing the infringement of said patent by others, in the United States, by making, using, selling, offering for sale and/or importing



into the United States, within this judicial district and elsewhere, food-stirring products that embody the invention claimed in the 258 Patent. Such acts constitute infringement under 35 U.S.C. § 271.

16. On information and belief, the Defendants' infringement has been deliberate, willful, and in reckless disregard of Plaintiff's patent rights.

17. Plaintiff has been damaged by Defendants' infringing activities, in an amount to be proven at trial. On information and belief, Defendants will continue their infringing activities, and continue to damage Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law.

18. Defendant Shanley is liable for the infringing acts of all other Defendants because he was, during the acts alleged herein, a conscious, active and dominant force behind the unlawful acts of all other Defendants.

### COUNT 2: BREACH OF CONTRACT
**(Asserted against Defendants Richard J. Shanley and Stir Chef, LLC)**

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 of this complaint.

20. On February 13, 2003, Plaintiff was the owner of the 258 Patent. On or about that date, Plaintiff entered into a written license agreement with Defendant Stir Chef, under which Stir Chef was permitted to make, use, sell and import products under the 258 Patent in exchange for certain payments to Plaintiff.

21. On February 12, 2004, Plaintiff remained the owner of the 258 Patent. On or about that date, Plaintiff entered into a written termination-of-license agreement with Defendant Stir Chef, under which Stir Chef was required to cease all manufacturing and sales of products under the 258 Patent.

22. Upon information and belief Defendant Stir Chef breached one or both of the agreements, by under-reporting sales and under-paying royalties due to Plaintiff pursuant to the agreement of

February 13, 2003, and/or by continuing to make, use, sell and/or import products under the 258 Patent in contravention of the agreement of February 12, 2004.

23. Plaintiff has performed all conditions, covenants, and promises required to be performed by Plaintiff, in accordance with the terms and conditions of both agreements.

24. Due to Stir Chef's breach of the agreement(s), Plaintiff has suffered damages and is therefore entitled to recover the monetary value thereof, in an amount to be proven at trial.

25. Defendant Shanley is liable for the contractual breach(es) of Stir Chef because he was, during the acts alleged herein, a conscious, active and dominant force behind said breach(es).

## COUNT 3: FRAUD
**(Asserted against Defendants Richard J. Shanley and Stir Chef LLC)**

26. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 25 of this complaint.

27. On or about February 13, 2003, Defendant Stir Chef promised Plaintiff that it would make certain payments to Plaintiff pursuant to a patent license royalty agreement between Stir Chef and Plaintiff.

28. At the time Stir Chef made the aforementioned promise to Plaintiff, Stir Chef had no intention of performing it.

29. The promise was made by Stir Chef with the intent to induce Plaintiff to enter into a patent license royalty agreement under which Stir Chef would be permitted to make, use, sell, offer for sale and/or import products that embody the invention claimed in the 258 Patent.

30. Plaintiff, at the time this promise was made and at the time that Plaintiff took the actions alleged herein, was ignorant of Stir Chef's secret intention not to perform and could not, in the exercise of reasonable diligence, have discovered Stir Chef's secret intention. In reliance on Stir Chef's promise,

Plaintiff did enter into a patent license royalty agreement with Stir Chef. If Plaintiff had known of the actual intention of Stir Chef, Plaintiff would not have entered into the agreement.

31. On information and belief, Stir Chef failed to abide by its promise when it under-reported sales and under-paid royalties due to Plaintiff under the patent license royalty agreement.

32. As a proximate result of the fraudulent conduct of Stir Chef as alleged herein, Plaintiff was denied income that was rightfully owed to Plaintiff under the patent license royalty agreement, by reason of which Plaintiff has been damaged in an amount to be proven at trial.

33. The aforementioned conduct of Stir Chef was an intentional misrepresentation, deceit or concealment of a material fact known to Stir Chef with the intention of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary damages.

34. Defendant Shanley is liable for the fraudulent conduct of Stir Chef because he was, during the acts alleged herein, a conscious, active and dominant force behind said conduct.

**COUNT 4: FRAUD**
**(Asserted against Defendants Richard J. Shanley and Stir Chef LLC)**

35. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 of this complaint.

36. As a continuing course of conduct between February 13, 2003, and February 12, 2004, Defendant Stir Chef under-reported royalties due to Plaintiff pursuant to the patent license agreement between the parties, and represented to Plaintiff that Stir Chef's sales of products under the 258 Patent were substantially less than they actually were.

37. At the time Stir Chef made the aforementioned reports and representations to Plaintiff, Stir Chef knew them to be untrue.

38. On or about February 12, 2004, Stir Chef further promised Plaintiff that it would cease all sales and marketing of products under the 258 Patent no later than December 31, 2004.

39. At the time Stir Chef made the aforementioned promise to Plaintiff, Stir Chef had no intention of performing it.

40. Said reports, representations and promise were made by Stir Chef with the intent to induce Plaintiff to enter into a termination-of-license agreement under which Defendant would be permitted to escape its then-existing contractual obligations to Plaintiff.

41. Plaintiff, at the time these reports, representations and promise were made, and at the time that Plaintiff took the actions alleged herein, was ignorant of the falsity of Stir Chef's false representations and its secret intention to continue selling and marketing products under the 258 Patent after December 31, 2004.  Plaintiff could not, in the exercise of reasonable diligence, have discovered Stir Chef's false representations and secret intention.  In reliance on Stir Chef's false reports, representations and promise, Plaintiff did enter into a termination-of-license agreement with Stir Chef. If Plaintiff had known of the false representations and actual intention of Stir Chef, Plaintiff would not have entered into the agreement.

42. On information and belief, Stir Chef failed to abide by its promise when it continued to make, use, sell, offer for sale and/or import products under the 258 Patent after December 31, 2004.

43. As a proximate result of the fraudulent conduct of Stir Chef as alleged herein, Plaintiff was denied royalty income that would have been due to Plaintiff had Plaintiff not been fraudulently induced to enter into the termination-of-license agreement, by reason of which Plaintiff has been damaged in an amount to be proven at trial.

44.     The aforementioned conduct of Stir Chef was an intentional misrepresentation, deceit or concealment of a material fact known to Stir Chef with the intention of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary damages.

45.     Defendant Shanley is liable for the fraudulent conduct of Stir Chef because he was, during the acts alleged herein, a conscious, active and dominant force behind said conduct.

**PRAYER**

WHEREFORE, Plaintiff respectfully demands judgment for itself and against Defendants as follows:

1.     That this Court adjudge that Plaintiff Ardente is the owner of the 258 Patent and has all rights of recovery under the 258 Patent;

2.     That this Court adjudge that the 258 Patent has been infringed by Defendants, and each of them;

3.     That this Court enter an injunction, enjoining Defendants, their respective officers, agents, servants, employees, privies and all persons in active concert or participation with them, from further infringement of the 258 Patent;

4.     That this Court ascertain and award Plaintiff Ardente damages sufficient to compensate them for the infringement and that the damages so ascertained be trebled and awarded to Plaintiff Ardente with interest;

5.     That this Court find this case to be exceptional and award Plaintiff Ardente its attorneys' fees, costs and expenses in this action; and



6. That this Court ascertain and award Plaintiff Ardente punitive damages in an amount appropriate to punish the Defendant(s) and deter others from engaging in similar conduct;

7. That this Court award Plaintiff Ardente such other relief as the Court may deem just and proper.

**ERIC J. SIDEBOTHAM, APC**

DATED: August 29, 2007

/s/
DANIEL M. SHAFER
Attorneys for Plaintiff,
ARDENTE, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                                                **ERIC J. SIDEBOTHAM, APC**

DATED: August 29, 2007                              /s/
                                                                  DANIEL M. SHAFER
                                                                   Attorneys for Plaintiff,
                                                                   ARDENTE, INC.