1   DANIEL J. BERGESON, Bar No. 105439
    dbergeson@be-law.com
2   HWAY-LING HSU, Bar No. 196178
    hhsu@be-law.com
3   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
4   San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
5   Facsimile:   (408) 297-6000

6   Attorneys for Defendants
    RICHARD J. SHANLEY;
7   WEAR THE BEST, INC.; and STIR CHEF LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   ARDENTE, INC. a California corporation,          Case No. C07-04479 EMC

14                                    Plaintiff,      **DEFENDANTS' NOTICE OF MOTION
                                                      AND MOTION TO DISMISS COMPLAINT**
15          vs.                                       **FOR LACK OF PERSONAL
                                                      JURISDICTION AND IMPROPER VENUE**
16   RICHARD J. SHANLEY, an individual; WEAR          **AND, IN THE ALTERNATIVE, FAILURE**
     THE BEST, INC., a Connecticut corporation;       **TO STATE A CLAIM UPON WHICH**
17   STIR CHEF LLC, aka STIRCHEF LLC, a               **RELIEF MAY BE GRANTED;**
     dissolved Connecticut limited liability company; **MEMORANDUM OF POINTS AND**
18   DYNAMIC LIVING, INC., a Connecticut              **AUTHORITIES IN SUPPORT THEREOF**
     corporation; and DOES 1 through 20, inclusive,
19                                                    Date:      December 5, 2007
                                      Defendants.     Time:      10:30 a.m.
20                                                    Place:     Courtroom C, 15th floor
                                                      Judge:     Honorable Edward M. Chen
21

22                                                    Case Filed:  August 29, 2007

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. - 3 -

II.   STATEMENT OF FACTS ....................................................................................... - 3 -

 A.    Lack of Personal Jurisdiction and Improper Venue ............................................ - 3 -

 B.    Pertinent Allegations of the Complaint ............................................................... - 4 -

  1.    Stir Chef's Status ..................................................................................... - 4 -

  2.    Patent Infringement Claim ....................................................................... - 4 -

  3.    Breach of Contract Claim ........................................................................ - 5 -

  4.    Fraud Claim Re the License Agreement .................................................. - 5 -

  5.    Fraud Claim Re the Mutual Release Agreement ..................................... - 5 -

III.  ARGUMENT ........................................................................................................... - 6 -

 A.    The Complaint Should Be Dismissed for Lack of Personal Jurisdiction Over Wear the Best and Shanley ................................................................................. - 6 -

  1.    No Personal Jurisdiction .......................................................................... - 6 -

   a.    No General Jurisdiction .............................................................. - 6 -

   b.    No Specific Jurisdiction ............................................................. - 7 -

 B.    The Complaint Should Be Dismissed for Improper Venue ................................. - 7 -

  1.    Venue is Improper as to Wear the Best .................................................. - 7 -

  2.    Venue is Improper As To Shanley .......................................................... - 7 -

 C.    Even If, *Arguendo*, Jurisdiction And Venue Are Proper, the Complaint Should Be Dismissed For Failure to State A Claim Upon Which Relief May Be Granted ............................................................................................................ - 8 -

  1.    The Complaint Should Be Dismissed As Against Stir Chef and Shanley Because Suit Does Not Lie Against A Dissolved LLC Or Its Members Under These Circumstances ............................................... - 8 -

  2.    The First Claim For Patent Infringement Should Be Dismissed Because It Fails To Give Defendants Notice Of the Allegations Against Them ......................................................................................... - 10 -

  3.    The Second Claim for Breach of the License Agreement Should Be Dismissed Because It Is Barred by the Mutual Release Agreement .... - 11 -

  4.    The Fraud Claims Are Not Pled with Particularity .............................. - 11 -

   a.    The Alleged Misrepresentations Are Not Particularly Pled ..... - 12 -

(i)  The Persons Allegedly Making Misrepresentations are Unidentified. ................................................................ - 13 -

(ii)  The Persons Allegedly Receiving Misrepresentations are Unidentified. ........................................................... - 13 -

(iii)  The Alleged Misrepresentations are Unidentified. ........ - 13 -

b.  Any Alleged Oral Misrepresentations are Preempted by the License Agreement. ................................................................ - 13 -

IV.  CONCLUSION ................................................................................ - 15 -

1

# TABLE OF AUTHORITIES

2

3 **Federal Cases**

4

5 *Akro Corp. v. Luker*
        45 F.3d 1541 (Fed. Cir. 1995) ........................................................................ - 6 -

6 *Balistreri v. Pacifica Police Dept.*
        901 F.2d 696 (9th Cir. 1988) .......................................................................... - 8 -

7

8 *Blake v. Dierdorff*
        56 F.2d 1365 (9th Cir. 1988) .......................................................................... - 12 -

9 *Bly-Magee v. California*
        236 F.3d 1014 (9th Cir. 2001) ........................................................................ - 11 -

10

11 *Branch v. Tunnell*
        14 F.3d 449 (9th Cir. 1994) ............................................................................ - 11 -

12 *Cubbage v. Merchant*
        744 F.2d 665 (9th Cir.1984) ........................................................................... - 6 -

13

14 *Galbraith v. County of Santa Clara*
        307 F.3d 1119 (9th Cir.2002) .......................................................................... - 11 -

15 *Gauvin v. Trombatore*
        682 F.Supp.1067 (N.D. Cal. 1988) ................................................................. - 10 -

16

17 *HollyAnne Corp. v. TFT, Inc.*
        199 F.3d 1304 (Fed. Cir. 1999) ...................................................................... - 7 -

18 *In re City Equities Anaheim, Ltd.*
        22 F.3d 954, 958 (9th Cir. 1994) .................................................................... - 14 -

19

20 *In re Glenfed, Inc. Securities Litig.*
        42 F.3d 1541 (9th Cir. 1994) .......................................................................... - 12 -

21 *International Shoe Co. v. State of Washington*
        326 U.S. 310 (1945) ....................................................................................... - 6 -

22

23 *Lomaglio Associates, Inc. v. LBK Marketing Co.*
        876 F. Supp. 41 (S.D.N.Y. 1995) ................................................................... - 13 -

24 *Moore v. Brewster*
        96 F.3d 1240 (9th Cir. 1996) .......................................................................... - 12 -

25

26 *NAL II, Ltd. v. Tonkin*
        705 F. Supp. 522 (D. Kan. 1989) ................................................................... - 13 -

27 *389 Orange Street Partners v. Arnold*
        179 F.3d 656 n. 2 (9th Cir. 1999) ..........................................................-11-, - 12 -

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Piedmont Label Co. v. Sun Garden Packing Co.*
    598 F.2d 491 (9th Cir. 1979) ............................................................... - 7 -

*PLS-Pacific Laser Systems v. TLZ Inc.*
    No. C-06-04585 RMW, 2007 WL 2022020, at *10 (N.D. Cal. July 9, 2007 ............. - 10 -

*Semegen v. Weidner*
    780 F.2d 727 (9th Cir. 1985) ........................................................- 11 -, - 12 -

*Strange v. Nationwide Mut. Ins. Co.*
    867 F. Supp. 1209 (E.D. Pa. 1994) ...................................................... - 13 -

*Trinitec Industries, Inc. v. Pedre Promotional Products, Inc.*
    395 F.3d 1275 (Fed. Cir. 2005.) ........................................................ - 6 -

*USA Payments, Inc. v. Hotel Ramada of Nevada*
    No. C-.1-1450 VRW, 2001 WL 764923, at *1 (N.D. Cal. June 21, 2001) ................... - 6 -

*Yahoo ! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*
    433 F.3d 1199 (9th Cir. 2006) .......................................................... - 6 -

*Yourish v. California Amplifier*
    191 F.3d 983 (9th Cir. 1999) ........................................................... - 12 -


## State Cases

*Conrad v. Bank of America*
    45 Cal. App. 4th 133 (1996) ............................................................ - 12 -

*Fisher v. Pennsylvania Life Co.*
    69 Cal. App. 3d 506 (1977) ............................................................. - 14 -

*Tenzer v. Superscope, Inc.*
    39 Cal.3d 18 (1985) ................................................................... - 12 -


## State Statutes

California Corporations Code §17355 .................................................................. - 9 -

Connecticut General Statutes §34-214 ........................................................... - 8 -, - 9 -


## Federal Statutes

28 U.S.C. §1400(b) .......................................................................... - 7 -, - 8 -

28. U.S.C. §1391(b) ......................................................................... - 7 -, - 8 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## **Federal Rules**

Federal Rules Civil Procedure Rule 8(a)(1) ................................................................ - 6 -

Federal Rules of Civil Procedure Rule 8(a)(2) ........................................................... - 10 -

Federal Rules of Civil Procedure Rule 9(b) ................................................................ - 11 -

Federal Rules of Civil Procedure Rule 12(b)(6) .......................................................... - 8 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

**NOTICE OF MOTION AND MOTION**

2    PLEASE TAKE NOTICE that, on December 5, 2007 at 10:30 a.m., or as soon thereafter as

3 the matter may be heard, in the courtroom of the Honorable Edward M. Chen, United States

4 Magistrate Judge, in the United States District Court for the Northern District of California, San

5 Francisco Division, 450 Golden Gate Avenue, San Francisco, California, defendants Richard J.

6 Shanley ("Shanley"), Wear The Best, Inc. ("Wear the Best") and Stir Chef LLC ("Stir Chef")

7 (collectively, "Defendants") shall move pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(6), 8(a), and

8 9(b) of the Federal Rules of Civil Procedure for an order dismissing the Complaint (the

9 "Complaint"), on the grounds that personal jurisdiction and/or venue are lacking as to defendants

10 Wear the Best and Shanley, and that the Complaint fails to state a claim upon which relief may be

11 granted as to defendants Stir Chef LLC and Shanley or, in the alternative, on the grounds that the

12 First, Third, and Fourth Claims fail to state a claim upon which relief may be granted, and the

13 Second Claim fails to state a claim upon which relief may be granted as to the alleged breach of

14 the License Agreement.

15    This motion is made and based upon this notice of motion and motion, the supporting

16 memorandum of points and authorities, the accompanying declaration of Richard J. Shanley, all

17 pleadings and papers on file herein, and such additional evidence and argument as may hereinafter

18 be presented.

19

**STATEMENT OF ISSUES**

20

(N.D. Cal. Civil L.R. 7-4)

21    1.    Are personal jurisdiction and venue in this District proper as to defendant Wear the

22 Best, Inc., a Connecticut corporation?

23    2.    Are personal jurisdiction and venue proper in this District as to defendant Shanley,

24 an individual residing in Connecticut?

25    3.    Does the Complaint state any claim upon which relief can be granted as to

26 defendant Stir Chef, a dissolved Connecticut limited liability company?

27    4.    Does the Complaint state any claim upon which relief can be granted as to

28 defendant Shanley, to the extent the claims against him are derivative of Stir Chef's alleged

1   liability?

2       5.      If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the First

3   Claim for Relief for patent infringement sufficiently identify its allegations against any defendant

4   to state a claim upon which relief may be granted?

5       6.      If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the

6   Second Claim for Relief for breach of contract state a claim for relief as to the License Agreement

7   between Ardente, Inc. and Stir Chef, where all claims were released by the Mutual Release

8   Agreement?

9       7.      If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the

10  Second Claim for Relief for breach of contract state a claim for relief as to Shanley, who is not a

11  party to either the License Agreement or the Mutual Release Agreement?

12      8.      If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the

13  Third Claim for Relief state particularized facts sufficient to state a claim for fraud against Stir

14  Chef?

15      9.      If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the

16  Third Claim for Relief state particularized facts sufficient to state a claim for fraud against

17  Shanley?

18      10.     If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the

19  Fourth Claim for Relief state particularized facts sufficient to state a claim for fraud against Stir

20  Chef?

21      11.     If jurisdiction and venue are proper, and if Stir Chef is subject to suit, does the

22  Fourth Claim for Relief state particularized facts sufficient to state a claim for fraud against

23  Shanley?

24  //

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 EMC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

The Complaint in this action is replete with reasons why it should be dismissed, but as a threshold matter, it should be dismissed for lack of personal jurisdiction and improper venue as to defendants Wear the Best, Inc., a Connecticut corporation, and Richard Shanley, an individual residing in Connecticut.  The Complaint contains no factual allegations whatsoever of infringing, breaching, or fraudulent conduct by Mr. Shanley himself.  Instead, the sole basis for his status as defendant in this litigation appears to be based on boilerplate alter ego allegations.  Such bare and conclusory allegations are insufficient to support personal jurisdiction over Mr. Shanley.

The Complaint should be dismissed as to defendant Stir Chef because, having dissolved more than three years ago, Stir Chef is not subject to suit.  It should also be dismissed as to Mr. Shanley to the extent the claims against him are derivative of those pled against Stir Chef.

Additionally, the Complaint fails to state a claim as to each of its four purported claims for relief.  The purported patent infringement claim fails to give notice to each defendant of what it is accused of doing, in violation of Rule 8(a).  The breach of contract claim involves a contract from which the parties released each other, and to which Wear the Best and Shanley were not parties.  Finally, the two fraud claims are hopelessly unspecific, in violation of Rule 9(b).

### II.    STATEMENT OF FACTS

#### A.    Lack of Personal Jurisdiction and Improper Venue

Wear the Best is a Connecticut corporation that provides warehouse and order fulfillment services to other businesses.  (Declaration of Richard J. Shanley ("Shanley Decl."), ¶2.)  Since 1995, it has maintained offices and facilities in Connecticut and nowhere else.  *Id.*  It has no facilities, operations or employees in California.  *Id.*  Its clients are located mainly in Connecticut and other eastern States; it does not provide services to any California-based clients.  *Id.*  It does not market or promote its services in California.  *Id.*  Wear the Best has a website at www.wtbship.com that describes its business and services, but viewers are not able to purchase products or services via the Wear the Best website.  *Id.*

Stir Chef was a Connecticut limited liability company that was formed in January 16, 2003 and dissolved on March 15, 2004.  *Id.*, ¶3.  The primary purpose for its formation was to make and sell StirChef Saucepan Stirrers and EZ Stirrers, which are automatic stirrers for use by home cooks (the "Stirrers").  *Id.*  By written agreement dated February 13, 2003, Stir Chef licensed Patent No. 6,113,258 from plaintiff Ardente, Inc.  *Id.,* Ex. A.

In November 2003, after disappointing sales of the Stirrers, Stir Chef terminated the License Agreement by written notice to Ardente, Inc.  *Id.*, ¶4.  In February 2004, Ardente and Stir Chef entered into a Mutual Release Under License Agreement, which provided for a final lump sum royalty payment on the remaining inventory and stock of Stirrers, and released all claims arising under the License Agreement.  *Id.*, Ex. B.

On or about February 12, 2004, Stir Chef paid Ardente the $20,000 lump sum royalty described in paragraph 5 of the Mutual Release Agreement.  *Id.*, ¶5.  As part of the Mutual Release Agreement, Stir Chef retained a non-exclusive license through December 2004 to sell or dispose of the remaining inventory.  *Id*., ¶4, Ex. B, ¶5.  Subsequently, during the license period, Stir Chef sold or disposed of its remaining inventory of Stirrers, including inventory transferred to Wear the Best in satisfaction of amounts Stir Chef owed to Wear the Best.  *Id.*

**B.    Pertinent Allegations of the Complaint**

**1.    Stir Chef's Status**

Defendant Stir Chef was, until its dissolution on or about March 15, 2004, a Connecticut limited liability company with its principal place of business in Bethel, Connecticut.  Complaint, ¶8.

**2.    Patent Infringement Claim**

The First Claim for Relief alleges patent infringement as follows:

> Upon information and belief, Defendants, and all of them, without authorization, have been and still are infringing the 258 Patent, and contributing to and actively inducing the infringement of said patent by others, in the United States, by making, using, selling, offering for sale and/or importing into the United States, within this judicial district and elsewhere, food-stirring products that embody the invention claimed in the 258 Patent.

Complaint, ¶15.

### 3.    Breach of Contract Claim

The Second Claim for Relief alleges breach of contract as follows:  On February 13, 2003, plaintiff and Stir Chef entered into a written license agreement, under which Stir Chef was permitted to make, use, sell and import products under the 258 Patent in exchange for payments to plaintiff ("License Agreement").  *Id*., ¶20.  On February 12, 2004, plaintiff and Stir Chef entered into a written termination-of-license agreement, under which Stir Chef was required to cease all manufacturing and sales of products under the 258 Patent ("Mutual Release Agreement").  *Id*., ¶21.  Plaintiff alleges upon information and belief that Stir Chef breached one or both agreements by underreporting sales and underpaying royalties due under the License Agreement, "and/or by continuing to make, use, sell and/or import products under the 258 Patent in contravention of the [Mutual Release Agreement]."  *Id*., ¶22.

Mr. Shanley is not alleged to be a party to either contract, but is alleged to be "liable for the contractual breach(es) of Stir Chef because he was, during the acts alleged herein, a conscious, active and dominant force behind said breach(es)."  *Id*, ¶25.

### 4.    Fraud Claim Re the License Agreement

The Third Claim alleges fraud in the inducement of the License Agreement based on Stir Chef's allegedly false promise to pay royalties pursuant to the terms of the License Agreement.  Complaint, ¶¶27-34.  Stir Chef is the only defendant that is a party to the License Agreement.  The Third Claim fails identify any particular misrepresentation, who made it, when it was made, how it was made, to whom it was made, or why it was false when made.  Nor does the Third Claim allege any act or omission by Shanley.  Finally, the Third Claim fails to allege the fact that claims under the License Agreement were released by the Mutual Release Agreement.

### 5.    Fraud Claim Re the Mutual Release Agreement

The Fourth Claim for Relief alleges fraud in the inducement of the Mutual Release Agreement based on Stir Chef's allegedly false promise to stop all sales and marketing of licensed products by December 31, 2004.  Complaint, ¶¶ 36-45.  Again, Stir Chef is the sole defendant that is a party to the Mutual Release Agreement.  The Fourth Claim fails identify any particular

1    misrepresentation, who made it, when it was made, how it was made, to whom it was made, or

2    why it was false when made.  Nor does the Fourth Claim allege any act or omission by Shanley.

3    **III.    ARGUMENT**

4           **A.    The Complaint Should Be Dismissed for Lack of Personal Jurisdiction Over
5              Wear the Best and Shanley**

6          The Complaint fails plead any facts in support of personal jurisdiction over any of the

7    defendants as required by Fed. R. Civ. Proc. Rule 8(a)(1).  Accordingly, the Complaint should be

8    dismissed.

9                      **1.    No Personal Jurisdiction**

10          A court may exercise personal jurisdiction over a defendant only where the defendant has

11    sufficient contacts with the forum that the exercise of jurisdiction "does not offend traditional

12    notions of fair play and substantial justice."  *International Shoe Co. v. State of Washington*, 326

13    U.S. 310, 316 (1945).  "As the party seeking to have this case heard in California, plaintiff has the

14    burden of making a prima facie showing of the existence of the minimum contacts necessary to

15    support jurisdiction."  *USA Payments, Inc. v. Hotel Ramada of Nevada*, No. C-.1-1450 VRW,

16    2001 WL 764923, at *1 (N.D. Cal. June 21, 2001), citing *Cubbage v. Merchent*, 744 F.2d 665, 667

17    (9th Cir.1984); *accord, Trinitec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d

18    1275, 1282 (Fed. Cir. 2005.)  Whether personal jurisdiction exists in a patent infringement case is

19    governed by the precedent of the Federal Circuit, *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.

20    Cir. 1995), although Ninth Circuit law may also be relied upon to the extent it is not inconsistent.

21    *USA Payments,* supra, at *1.  Jurisdiction can be general or specific.  *Trinitec Industries, supra*, at

22    1279.

23                    **a.    No General Jurisdiction**

24          General jurisdiction over a defendant exists if a defendant's contacts with the forum "are

25    so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that

26    forum for all purposes."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d

27    1199, 1205 (9th Cir. 2006).  Plaintiff does not allege facts that support general jurisdiction over

28    either Wear the Best or Shanley, nor can it do so.  Wear the Best is a Connecticut corporation that

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 EMC

1   does not provide services to California companies.  Its clients are based in Connecticut and other

2   eastern states.  Shanley resides and works in Connecticut.  Neither has the "substantial,

3   continuous, and systematic" contacts required to support general jurisdiction.

4                    **b.        No Specific Jurisdiction**

5           If general jurisdiction does not exist, then the court may exercise only specific jurisdiction

6   based on the relationship between a defendant's forum contacts and the plaintiff's claim.  *Id*.

7   Specific jurisdiction is analyzed under a three prong test:  (1) whether the defendant purposefully

8   directed its activities at residents of the forum state, (2) whether the claim alleged arises out of or

9   relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair.

10  *HollyAnne Corp. v. TFT, Inc*., 199 F.3d 1304, 1307-08 (Fed. Cir. 1999).   The Complaint alleges

11  no facts in support of specific jurisdiction as to either Wear the Best or Shanley.

12          **B.        The Complaint Should Be Dismissed for Improper Venue**

13          Plaintiff bears the burden of proving that venue is proper in the forum.  *Piedmont Label*

14  *Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Plaintiff has not alleged any

15  facts supporting venue in this District.

16                    **1.        Venue is Improper as to Wear the Best**

17          "Any civil action for patent infringement may be brought in the judicial district where the

18  defendant resides, or where the defendant has committed acts of infringement and has a regular

19  and established place of business."  28 U.S.C. §1400(b).  "For purposes of venue under this

20  chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which

21  it is subject to personal jurisdiction at the time the action is commenced."  28. U.S.C. §1391(b).

22  "[S]uch corporation shall be deemed to reside in any district in that State within which its contacts

23  would be sufficient to subject it to personal jurisdiction if that district were a separate State."  *Id*.

24  Because plaintiff has not shown a basis for personal jurisdiction over Wear the Best in this

25  District, venue is improper.

26                    **2.        Venue is Improper As To Shanley**

27          Because Shanley is an individual, venue as to him on the patent infringement claim is

28  proper only in a district where he resides, or where he allegedly committed acts of infringement

                                    - 7 -

1    and has a regular and established place of business.  28 U.S.C. §1400(b).  It is undisputed that

2    Shanley does not reside in this District (Complaint, ¶6); it cannot be disputed that he does not

3    maintain any place of business in this District.  Therefore, venue does not lie under 28 U.S.C.

4    §1400(b).

5        Venue as to Shanley on the contract and fraud claims would be proper only where "a

6    substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C.

7    §1391(b).  The Complaint contains no allegations that Shanley committed any breach of contract

8    or act of fraud in this District, let alone a substantial number of acts or omissions.  Accordingly,

9    venue as to Shanley on the state law claims is improper.

10        **C.    Even If, *Arguendo*, Jurisdiction And Venue Are Proper, the Complaint Should Be Dismissed For Failure to State A Claim Upon Which Relief May Be Granted**

12        Even if, *arguendo*, the Court determines that personal jurisdiction and venue as to Wear

13    the Best and Shanley are proper in this District, the claims for relief asserted should be dismissed

14    for failure to state a claim.  Rule 12(b)(6) dismissal is proper where there is either a "lack of a

15    cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal

16    theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

17        **1.    The Complaint Should Be Dismissed As Against Stir Chef and Shanley Because Suit Does Not Lie Against A Dissolved LLC Or Its Members Under These Circumstances**

19        Plaintiff has no right to relief against a dissolved company or its principal.  Under

20    Connecticut law, claims may be brought against a dissolved limited liability company as follows:

21        (1) the dissolved limited liability company to the extent of its undistributed assets, or (2) if the assets of a dissolved limited liability company have been distributed in liquidation, against one or more members of the dissolved limited liability company to the extent of their pro rata shares of the claim or the assets of the limited liability company distributed to them in liquidation, whichever is less, but no member's total liability for all claims under this section shall exceed the total amount of assets distributed to that member.

25    //

1    Connecticut General Statutes § 34-214.[1]

2        Here, plaintiff has not alleged, and cannot allege, that Stir Chef has any undistributed

3    assets.  Plaintiff has not alleged, and cannot allege, that Stir Chef distributed any assets to its

4    members in liquidation.  Accordingly, no claim lies against Stir Chef, and the Complaint should

5    be dismissed as against Stir Chef.

6        Nor can any claim lie against Mr. Shanley that is based upon the alleged liability of Stir

7    Chef.  Because the allegations of the Complaint made against Mr. Shanley all appear to be

8    derivative of his status as a member of Stir Chef, the Complaint should be dismissed as against

9    Mr. Shanley as well.  Specifically, the First Claim, for patent infringement, alleges no particular

10   act or omission by Mr. Shanley that infringed the patent, but instead alleges merely that

11   "Defendant Shanley is liable for the infringing acts of all other Defendants because he was, during

12   the acts alleged herein, a conscious, active, and dominant force behind the unlawful acts of all

13   other Defendants."  Complaint, ¶18.  To the extent this claim is based on purported actions by Stir

14   Chef, it cannot lie against Mr. Shanley.  (To the extent this claim is based on purported actions by

15   the other defendants, namely Wear the Best and Dynamic Living, the claim should be dismissed

16   for the reasons set forth in Section IIIC(2) below.)  The Second Claim, for breach of contract, does

17   not allege that Mr. Shanley was a party to any contract, but simply that he was "a conscious, active

18   and dominant force behind the said breach(es) [by Stir Chef]."  Complaint, ¶25.  If no claim lies

19   against Stir Chef, then this claim cannot lie against Shanley.  Similarly, the Third and Fourth

20   _____

21   [1]    California law is in accord.  California Corporations Code §17355 states in pertinent part
     as follows:

22
23       (a)(1) Causes of action against a dissolved limited liability company, whether
         arising before or after the dissolution of the limited liability company, may be
         enforced against any of the following:

24
25       (A) Against the dissolved limited liability company, to the extent of its
         undistributed assets, including, without limitation, any insurance assets held by the
         limited liability company that may be available to satisfy claims.

26
27       (B) If any of the assets of the dissolved limited liability company have been distributed to
         members, against members of the dissolved limited liability company to the extent of the
         limited liability company assets distributed to them upon dissolution of the limited liability

28       company.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 EMC

1   Claims do not allege any fraudulent representation by Shanley, but simply that he was "a

2   conscious, active and dominant force behind such conduct [by Stir Chef]."  Complaint, ¶¶34, 45.

3   Accordingly, the Complaint should be dismissed as against Shanley.

4              **2.      The First Claim For Patent Infringement Should Be Dismissed Because
                         It Fails To Give Defendants Notice Of the Allegations Against Them**

5

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a

7   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Where

8   allegations are made against multiple defendants, "plaintiff must allege the basis of his claim

9   against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short

10  and plain statement of the claim to put defendants on sufficient notice of the allegations against

11  them."  *Gauvin v. Trombatore*, 682 F.Supp.1067, 1071 (N.D. Cal. 1988), cited in *PLS-Pacific*

12  *Laser Systems v. TLZ Inc*., No. C-06-04585 RMW, 2007 WL 2022020, at *10 (N.D. Cal. July 9,

13  2007).

14         In *PLS-Pacific*, where the complaint alleged patent infringement against multiple parties

15  including corporations and individuals, Judge Whyte held the following allegations, among others,

16  to be insufficient to give each defendant notice of the particular claims and grounds for the claims

17  against them:

18         [d]efendants and their affiliates have infringed and continued to infringe the 487
           patent by making, using, importing, offering for sale, and/or selling a portable laser
19         device for alignment which embodies the patented invention set forth in the 487
           patent claims.

20  *Id.*

21         The language of the Complaint here is similar:

22         Upon information and belief, Defendants, and all of them, without authorization,
           have been and still are infringing the 258 Patent, and contributing to and actively
23         inducing the infringement of said patent by others, in the United States, by making,
           using, selling, offering for sale and/or importing into the United States, within this
24         judicial district and elsewhere, food-stirring products that embody the invention
           claimed in the 258 Patent.

25

26  Complaint, ¶15.  Accordingly, the First Claim for patent infringement should be dismissed.

27

28
                                            - 10 -

1 **3. The Second Claim for Breach of the License Agreement Should Be Dismissed Because It Is Barred by the Mutual Release Agreement**

2

3      Plaintiff has not attached to the Complaint either contract that it contends is breached, but

4 both are cited in the Complaint and accordingly, may be considered on a motion to dismiss.

5 *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (overruled on other grounds by *Galbraith*

6 *v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).) Even taking all allegations of the

7 Complaint as true, no breach of contract claim lies as to the License Agreement, because the

8 Mutual Release Agreement released such claims arising under the License Agreement. Paragraph

9 4 of the Mutual Release Agreement states:

10      4.      Except for these obligations arising under[certain enumerated sections of
         the License Agreement] . . . both [Ardente] and [Stir Chef], each to the other,
11      release and forever discharge, the other of them and the other's successors and
         assigns forever, and do remise, release and forever discharge the other, and the
12      other's successors and assigns, of and from any and all manner of actions and
         actions, cause and causes of action, suit, damages, judgments, executions, property
13      damage and demands whatsoever, in law or in equity, which each has ever had, or
         now has, against the other and the other's successors and assigns, arising out of or
14      being a part of said Licensee.

15 (Shanley Decl., ¶4, Ex. B.) Further, Shanley is not a party to the License Agreement or the

16 Mutual Release Agreement. Accordingly, the second claim should be dismissed to the extent it

17 alleges breach of the License Agreement, and in its entirety as to Shanley.

18 **4. The Fraud Claims Are Not Pled with Particularity**

19      Where fraud is asserted as a basis for relief, plaintiffs must set forth "the circumstances

20 constituting fraud . . . with particularity." Fed.R. Civ.P. Rule 9(b). Failure to satisfy Rule 9(b)'s

21 requirements requires dismissal of the complaint. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.

22 1985). The heightened pleading standard for fraud allegations "serves not only to give notice to

23 defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

24 the filing of complaints as pretext for discovery of unknown wrongs . . . and to prohibit plaintiffs

25 from unilaterally imposing upon the court, the parties and society enormous social and economic

26 costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)

27 (citations omitted).

28      Every element of a fraud claim must be pled with particularity. *389 Orange Street*

- 11 -

*Partners v. Arnold*, 179 F.3d 656, 663 n. 2 (9th Cir. 1999); *Moore v. Brewster*, 96 F.3d 1240, 1245-46 (9th Cir. 1996).  Pleading fraud with particularity requires plaintiffs to set forth "specific descriptions of the representations made, [and] the reasons for their falsity."  *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988); *Moore, supra,* 96 F.3d at 1245-46.  "To allege fraud with particularity, a plaintiff must set forth… what is false or misleading about a statement and why it is false."  *In re Glenfed, Inc. Securities Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *see also*, *Yourish v. California Amplifier,* 191 F.3d 983, 993 (9th Cir. 1999).  It is insufficient for plaintiff to merely "set forth conclusory allegations of fraud . . . punctuated by a handful of neutral facts."  *Semegen, supra*, 780 F.2d at 731.

Here, both the Third and Fourth Claims attempt to turn breach of contract claims into fraud claims via conclusory allegations that Stir Chef had no intention of performing at the time it entered into the License Agreement and Mutual Release Agreement.  The allegation that Stir Chef may have violated the terms of the License Agreement or the Mutual Release Agreement (as asserted in the Second Claim), as a matter of law, does not of itself establish a further claim for fraud.  "The suggest[ion] that proof that a promise was made and that it was not fulfilled is sufficient to prove fraud . . . is not, and has never been, a correct statement of the law . . . 'something more than nonperformance is required to prove the defendant's intent not to perform his promise'"  *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30-31 (1985) (citations omitted); *accord, Conrad v. Bank of America*, 45 Cal. App. 4th 133, 156-57 (1996) ("a claim of fraud cannot be permitted to serve simply as an alternative cause of action [to breach of contract]").  Plaintiff has failed to plead any facts which would allow an inference that Stir Chef had no intention of performing the promises made in either agreement at the time Stir Chef entered into them.  Accordingly, the Third and Fourth Claims should be dismissed.

> **a.    The Alleged Misrepresentations Are Not Particularly Pled**

The Complaint does not specify the contents of the alleged misrepresentations, whether they were verbal or written, which of the defendants allegedly made them, or to whom, or when or where.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 EMC

1
2

> **(i)** **The Persons Allegedly Making Misrepresentations are Unidentified.**

3   Stir Chef is a corporate defendant. As such, it cannot be liable for fraud unless its

4   authorized representative(s) that supposedly made misrepresentations are identified.  *Lomaglio*

5   *Associates, Inc. v. LBK Marketing Co*., 876 F. Supp. 41, 44 (S.D.N.Y. 1995) ("Allegedly

6   fraudulent statements must be linked to individual speakers . . . Attributing statements to a

7   corporate entity does not suffice to link those statements to any individuals . . .").  The Complaint

8   does not allege that Mr. Shanley, or anyone else on behalf of Stir Chef, made any

9   misrepresentations.

10

> **(ii)** **The Persons Allegedly Receiving Misrepresentations are Unidentified.**

11

12   Likewise, the Complaint does not identify which of plaintiff's personnel heard the alleged

13   misrepresentations.  A complaint that does not indicate who received allegedly fraudulent

14   information does not meet the requirements of Rule 9(b).  *E.g., Strange v. Nationwide Mut. Ins.*

15   *Co*., 867 F. Supp. 1209, 1219 (E.D. Pa. 1994); *NAL II, Ltd. v. Tonkin*, 705 F. Supp. 522, 526 (D.

16   Kan. 1989) ("Tonkin has failed to specify to whom the [fraudulent] statement was made . . . Thus,

17   [his] counterclaim fails to meet the requirements of Rule 9(b).").  Plaintiff's allegations are

18   deficient for this reason as well.

19

> **(iii)** **The Alleged Misrepresentations are Unidentified.**

20   The Complaint does not allege specific instances of oral misrepresentations, or when,

21   where, or how any such misrepresentations were made, or what specifically was stated.   As such

22   the boilerplate fraud allegations are patently defective under Rule 9(b).

23

> **b.** **Any Alleged Oral Misrepresentations are Preempted by the License Agreement.**

24

25   Even assuming that one or more Defendants made oral promises in the course of

26   negotiating the License Agreement, plaintiff could not have reasonably relied on them.  The

27   alleged oral misrepresentations are foreclosed by the terms of the License Agreement itself, which

28   is an integrated document specifically superseding other communications between the Parties.

1    Paragraph 10.01 of the License Agreement states:

2        This instrument contains the entire and only Agreement between the parties and
         supersedes all preexisting agreements between them respecting its subject matter.
3        Any representation, promise, or condition in connection with such subject matter
         which is not incorporated in this Agreement shall not be binding on either party.
4

5    (Shanley Decl., Ex. A, ¶10.01.)  Such an agreement, as a matter of law, "amounts to a statement,

6    now binding on plaintiff, that any other representations previously made to [it] were not material

7    inducements to [its] execution of the [A]greement."  *Fisher v. Pennsylvania Life Co.*, 69 Cal. App.

8    3d 506, 511 (1977); *see also, In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994)

9    (following *Fisher*) ("A promise which carries on its face its own denial deserves no legal

10   protection").  Accordingly, the Third Claim should be dismissed.

11   ///

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.     CONCLUSION**

For all of the foregoing reasons, defendants Shanley, Wear The Best and Stir Chef respectfully requests that this Court:

1.     Dismiss the Complaint in its entirety as against Wear the Best and Shanley for lack of personal jurisdiction and/or improper venue; and

2.     Dismiss the Complaint in its entirety as against Stir Chef for failure to state a claim, and as against Shanley for failure to state a claim to the extent the claims pled are derivative of claims against Stir Chef.

3.     If the Court determines that personal jurisdiction and venue are proper, and that Stir Chef is subject to suit, dismiss the First, Third, and Fourth Claims as against all defendants for failure to state a claim upon which relief may be granted.

4.     If the Court determines that personal jurisdiction and venue are proper, and that Stir Chef is subject to suit, dismiss the Second Claim as against all defendants to the extent it purports to allege a claim arising out of the License Agreement, or dismiss the Second Claim in its entirety to the extent it purports to allege a claim against Shanley.

Dated:  October 23, 2007                    BERGESON, LLP


                                            By:_____/s/_____
                                                   Hway-ling Hsu

                                            Attorneys for Defendants
                                            RICHARD J. SHANLEY;
                                            WEAR THE BEST, INC.; and
                                            STIR CHEF LLC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 EMC