1  ERIC J. SIDEBOTHAM (SBN 208829)
   eric.sidebotham@ejs-law.com
2  DANIEL M. SHAFER (SBN 244839)
   dan.shafer@ejs-law.com
3  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
4  5201 Great America Parkway, Suite 320
   Santa Clara, California 95054
5  Telephone:    (408) 856-6000
   Facsimile:    (408) 608-6001
6
   Attorneys for Plaintiff,
7  ARDENTE, INC.

8  DANIEL J. BERGESON (SBN 105439)
   dbergeson@be-law.com
9  HWAY-LING HSU (SBN 196178)
   hhsu@be-law.com
10 **BERGESON, LLP**
   303 Almaden Boulevard, Suite 500
11 San Jose, CA 95110-2712
12 Telephone:    (408) 291-6200
   Facsimile:    (408) 297-6000
13
   Attorneys for Defendants
14 RICHARD J. SHANLEY;
15 WEAR THE BEST, INC.; and STIR CHEF LLC

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19 ARDENTE, INC., a California corporation,   Case No. C-07-04479 MHP

20     Plaintiff,                              **JOINT CASE MANAGEMENT
                                               CONFERENCE STATEMENT**
21 v.
                                               Date:    March 24, 2008
22                                             Time:    4:00 p.m.
                                               Judge:   Hon. Marilyn Hall Patel
23 RICHARD J. SHANLEY, et al,                  Place:   Courtroom 15, 18th flr
24     Defendants.

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C-07-04479 MHP

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. Proc. 26(f) and Civ. L.R. 16-9, Plaintiff ARDENTE, INC. ("Ardente") and specially-appearing Defendants, RICHARD J. SHANLEY, WEAR THE BEST, INC. ("WTB"), and STIR CHEF LLC (collectively "Defendants") hereby submit the following Joint Case Management Statement. Defendants do so without waiving their personal jurisdiction defenses. Ardente preserves it right to challenge Defendants' personal jurisdiction defenses on any basis, except only for those to which it has specifically and expressly agreed to not raise.

1. **JURISDICTION AND SERVICE**:

   a.   Ardente contends that this Court has subject matter and personal jurisdiction over the action and the parties.

   Defendants WTB and Shanley contend that this Court lacks personal jurisdiction over them; defendant Stir Chef contends that, as a dissolved Connecticut corporation with no undistributed assets, it is not subject to suit as a matter of Connecticut law. Defendants previously filed a motion to dismiss the Complaint on these grounds, among others, during the time this case was assigned to Magistrate-Judge Chen. The motion was taken off calendar after the case was re-assigned to Judge Patel. Defendants intend to re-file a motion to dismiss the Complaint.

   Ardente will oppose the motion, and believes that Defendants' motion to dismiss will be denied.

   b.   No named parties remain to be served, and all named parties have appeared or specially appeared.

2. **FACTS**:

   Ardente contends as follows:

   This is a compelling case of willful patent infringement. On September 5, 2000, United States Letters Patent No. 6,113,258 (hereinafter referred to as the "258 Patent"), entitled BATTERY POWERED FOOD STIRRER WITH PIVOTALLY MOUNTED SPRING BIASED ARMS, was duly and legally issued by the United States Patent and Trademark Office to John Ardent. The patent was assigned to Ardente.

Defendants first approached Ardente in 2001 or 2002 to discuss taking a license from Ardente regarding a new product that Defendants were contemplating. No license deal was entered into at that time.

In January 2003, a representative from Ardente attended a housewares show in Chicago, Illinois. At that time, Ardente learned that Defendants intended to launch at that housewares show in Chicago a product called "Stir Chef," a product Ardente believe infringed the '258 Patent. At that housewares show, Defendants and/or their agents, disclosed that their patent attorney advised them that they could have change the configuration of their product to avoid the '258 Patent, but that that would have resulted in a substantial delay for Defendants, who had presumably already manufactured and imported substantial amounts of product prior to the show. In a letter dated January 5, 2005 from an agent of Defendant, it is stated "[o]n the advice of my patent attorney, I could change the configuration of the spring mechanism to get around your patent." In that same letter, the agent goes on to admit "[b]ut that would have delayed the introduction of the product at the Housewares show." At this time, Defendants did not tell Ardente that it had an opinion that the '258 Patent was invalid or not infringed by Defendants' product.

Thus, Ardente will be able to establish that Defendants knew of the Ardente patent *before* it imported infringing product into the United States, and most importantly that Defendants disclosed that its own patent counsel opined that Defendants' Stir Chef product infringed the '258 Patent and the patent attorney also believed that the '258 Patent to be valid.

Because Defendants had an opinion that its product infringed the Ardente '258 Patent, and that the '258 Patent was valid – and because Defendants wanted to launch its product without delay at that housewares show – Defendants offered a license deal to Ardente, in which Defendants agree to pay a royalty for sale of the Stir Chef and similar product, and importantly Defendants agreed to a $25,000 minimum quarterly royalty payment.

But rather than hold up its end of bargain, about a year after the deal was struck, Defendants pressured and coerced Ardente into terminating the license. Defendants made several material misrepresentations, including a representation that the product was not selling. Reluctantly, Ardente

agreed to terminate the license agreement, provided that Defendants would pay them a lump sum of $20,000 and that Defendants would cease selling the licensed product by December 31, 2004. Ardente would never have entered into the termination agreement if it would have known that Defendants were going to continue to market and sell the product after December 31, 2004, because Ardente intended to commercialize the product on its own. But instead of keeping its word, Defendants brazenly transferred product to a related entity, and continued to advertise and sell the product. Indeed, Ardente learned that the infringing product continues to be marketed, *as recently as March 8, 2008*. The bottom line is that the product did sell; Defendants simply did not want to pay Ardente its fair share—an amount Defendants had previously agreed to pay.

Ardente believes that Defendants paper transfer of the ownership from one defendant to another was done fraudulently, and for the purpose of ignoring the terms of the termination agreement, under which Defendants agreed to stop selling the licensed product. Basically, Defendants want it both ways. They want to be able to continue to sell the licensed product, but they don't want to pay the license fee to Ardente. Ardente is entitled to a reasonably royalty based on *at least* the minimum quarterly amount of $25,000 as agreed to in the initial license, for the 11 quarters that Defendants continued to market and sell licensed product after they were supposed to stop doing so, a sum of $275,000. In addition, because Defendants knew of the patent—and because their own patent counsel acknowledged both infringement and validity—Defendants' infringement is willful. Thus, Ardente is entitled to the trebling of those damages ($825,000), plus its attorney's fees.

<u>Defendants contend as follows:</u>

Defendants dispute Ardente's factual contentions set forth above.

WTB is a Connecticut corporation that provides warehouse and order fulfillment services to other businesses. Its offices and facilities are in Connecticut. .

Richard Shanley, an individual who resides and works in Connecticut, is CEO of WTB. In January 2003, WTB and three individuals formed Stir Chef, a Connecticut limited liability company, for the purpose of making and selling StirChef Saucepan Stirrers and EZ Stirrers, which are automatic stirrers for use by home cooks (the "Stirrers").

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C-07-04479 MHP

On January 7, 2003, Stir Chef received an opinion of patent counsel advising that the Stir Chef device did *not* infringe any valid claim of the '258 Patent. Nevertheless, in a surfeit of caution, Stir Chef entered into an Exclusive License Agreement for the '258 Patent with Ardente in February, 2003 ("License Agreement"). Stir Chef agreed to pay royalties to Ardente at the rate of $25,000 per quarter, or four percent of the net selling price of the Stirrers, whichever was higher.

Stir Chef proceeded to make, market, and sell the Stirrers, and paid royalties according to the terms of the License Agreement. In November 2003, after disappointing sales of the Stirrers, Stir Chef terminated the License Agreement by written notice to Ardente. In February 2004, Ardente and Stir Chef entered into a Mutual Release Under License Agreement ("Mutual Release Agreement"), which provided for a final lump sum royalty payment of $20,000 from Stir Chef to Ardente on the remaining inventory and stock of Stirrers, and mutually released all claims arising under the License Agreement.

On or about February 12, 2004, Stir Chef paid Ardente the $20,000 lump sum royalty for the remaining inventory of Stirrers, as provided for in the Mutual Release Agreement. Stir Chef retained a non-exclusive license through December 2004 to sell or dispose of the remaining inventory. During the license period, Stir Chef sold its remaining inventory of Stirrers, including inventory sold to WTB in satisfaction of amounts Stir Chef owed to WTB. No additional Stirrers were made, marketed or sold by Stir Chef.

In March 2004, Stir Chef filed articles of dissolution in Connecticut.

In or about April 2004, WTB began selling and donating the inventory to third parties. In August 2007, WTB finished disposing of the remaining inventory. WTB sold only Stirrers that were part of Stir Chef's inventory remaining at the time the Mutual Release Agreement was signed. No additional Stirrers were made, marketed or sold by WTB.

Principal Factual Issues in Dispute:

Ardente contends the following factual issues are in dispute:

(a) Whether Defendants' reasonably believed the '258 Patent was valid and infringed when they sold product on or after January 1, 2005;

(b) Whether Defendants' made material misrepresentations to Ardente in connection with the

termination agreement; and

(c) Whether Defendant WTB is an alter ego of the other Defendants.

Defendants contend that the preliminary factual issues in dispute are as follows:

(d) Whether WTB or Shanley have California contacts sufficient to subject them to personal jurisdiction in this Court;

(e) Whether Stir Chef retained undistributed assets upon its dissolution; and

(f) Whether Stir Chef distributed any assets upon its dissolution.

Defendants will identify additional facts in dispute and legal issues remaining after the motion is to dismiss is decided.

3.   **PRINCIPAL LEGAL ISSUES IN DISPUTE:**

<u>Ardente contends the following legal issues are in dispute:</u>

(a) Whether its patent was infringed by any defendant;

(b) If so, whether the infringement was willful;

(c) Whether Stir Chef or Shanley breached the License Agreement;

(d) Whether Stir Chef or Shanley breached the Mutual Release Agreement;

(f) Whether Ardente was fraudulently induced to enter into the Mutual Release Agreement.

<u>Defendants contend the following preliminary legal issues are in dispute:</u>

(a) Whether jurisdiction and venue in this District is proper as to defendants WTB and Shanley;

(b) Whether defendant Stir Chef, a dissolved Connecticut limited liability company that distributed no assets in liquidation, is subject to suit;

(c) If jurisdiction and venue in this District are proper as to WTB and Shanley, whether the Complaint states a claim upon which relief may be granted; and

(d) If jurisdiction and venue in this District are proper as to WTB and Shanley, whether venue should nevertheless be transferred to the District of Connecticut for the convenience of witnesses.

Defendants will identify additional legal issues in dispute based on the parties and legal issues remaining after the motion is to dismiss is decided.

**4.     MOTIONS:**

Ardente anticipates the filing of motion(s) for summary judgment. Although it is too early to predict, Ardente suspects there may be discovery motions in this case.

Defendants intend to file a motion to dismiss the Complaint for lack of personal jurisdiction and improper venue as to defendants WTB and Shanley, and for failure to state a claim as to defendant Stir Chef and, in the alternative, (1) to dismiss the Complaint on the grounds that the First, part of the Second, the Third, and the Fourth Claims fail to state a claim upon which relief may be granted as to all defendants, and (2) to transfer venue as to all defendants. .

**5.     AMENDMENT OF PLEADINGS**

No amendment to the complaint is anticipated at this time.

**6.     EVIDENCE PRESERVATION:**

<u>Ardente states as follows:</u>

All documents are being preserved. Ardente does not have a document destruction program.

<u>Defendants state as follows:</u>

All documents are being preserved. Defendants do not have a document destruction program.

**7.     DISCLOSURES:**

The parties participated in an early mediation on January 31, 2008, followed by extensive settlement discussions in an effort to resolve the case it its entirety. Consequently, they have not exchanged initial disclosures. The parties propose setting a schedule for the exchange of initial disclosures after the Defendants' motion to dismiss is decided.

**8.     DISCOVERY:**

No discovery has been taken to date. Ardente proposes permitting the parties to begin engaging in discovery forthwith, as Ardente may need discovery related to issues raised in Defendants' motion to dismiss, and because Ardente is anxious to move the case forward. Defendants propose setting a discovery schedule and plan after Defendants' motion to dismiss is decided.

**9.     CLASS ACTIONS:**

The litigation is not a class action, and this sub-section is therefore not applicable.

10. **RELIEF:**

<u>Ardente contends as follows:</u>

As set forth above, Ardente believes this to be a willful infringement case, and believes that the quarterly $25,000 minimum agreed to in the original license between the parties should be the basis for establishing a reasonably royalty. Since Defendants sold product for 11 quarters, Ardente is entitled to $275,000 in royalty damages. Because Defendants knew of the patent—and indeed, interestingly, admitted both validity and infringement—and brazenly continued to sell product after the termination of the license agreement, Ardente is be entitled to treble damages ($875,000), plus its attorney's fees.

<u>Defendants contend as follows:</u>

Although a decision on their motion to dismiss may render this issue wholly or partially inapplicable, Defendants contend as follows. If liability is established, damages should be calculated based upon actual damages to Ardente. Since a royalty was paid on every Stirrer sold, Ardente must establish how it was actually damaged by sales made after the end of the non-exclusive license period. Defendants contend that no such damages can be established. If liability is established for fraudulent inducement to enter into the License Agreement or Mutual Release Agreement, Ardente again must establish its actual damages resulting from being a party to these agreements. Again, Defendants contend that no such damages can be established.

11. **SETTLEMENT AND ADR:**

The Parties participated in mediation on January 31, 2008, and settlement discussions following up on that mediation. No settlement was reached.

9. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The Parties do not consent to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

10. **OTHER REFERENCES:**

The Parties submit that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**11. NARROWING OF ISSUES**

<u>Ardente contends as follows:</u>

Ardente is not aware of anything that will narrow issues at this point.

<u>Defendants contend as follows:</u>

The issues may be narrowed following a decision on Defendants' motion to dismiss.

**12. EXPEDITED SCHEDULING**

<u>Ardente contends as follows:</u>

The parties have taken a significant amount of time to attempt to resolve this case, and those efforts have not proven to be effective. Thus, Ardente desires to move the case forward, either to summary judgment or trial.

<u>Defendants contend as follows:</u>

Defendants do not seek expedited scheduling at this time.

**13. SCHEDULING**

<u>Ardente proposes:</u>

Ardente would like to move this case forward, so it would like a scheduling order at the case management conference. The parties have already satisfied the ADR requirement by participating in mediation. Thus, Defendants' motion to dismiss should be calendared, and the parties should begin with initial disclosure statement and discovery.

<u>Defendants propose:</u>

Defendants propose that scheduling be addressed after their motion to dismiss is decided.

**14. TRIAL**

Ardente anticipates a two-week jury trial, to be set in early 2009.

Defendants contend that a more accurate assessment can be made after their motion to dismiss is decided.

**15. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-16 and have no additional interests to report. Pursuant to Civil L.R. 3-16, the undersigned certify that

as of this date, other than the named parties, there is no such interest to report.

16. **OTHER MATTERS TO EXPEDITE CASE**

The parties are not aware of any other matters that will expedite this case.

                                      **ERIC J. SIDEBOTHAM, APC**

DATED: March 14, 2007                            /s/
                                       ERIC J. SIDEBOTHAM
                                       Attorneys for Plaintiff,
                                       ARDENTE, INC.


                                        **BERGESON, LLP**

DATED: March 14, 2007                            /s/
                                       HWAY-LING HSU
                                       Attorneys for Defendants,
                                       RICHARD J. SHANLEY;
                                       WEAR THE BEST, INC.; and STIR CHEF LLC

10
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C-07-04479 MHP