DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
HWAY-LING HSU, Bar No. 196178
hhsu@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendants
RICHARD J. SHANLEY;
WEAR THE BEST, INC.; and STIR CHEF LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARDENTE, INC. a California corporation,<br><br>                            Plaintiff,<br><br>    vs.<br><br>RICHARD J. SHANLEY, an individual; WEAR THE BEST, INC., a Connecticut corporation; STIR CHEF LLC, aka STIRCHEF LLC, a dissolved Connecticut limited liability company; DYNAMIC LIVING, INC., a Connecticut corporation; and DOES 1 through 20, inclusive,<br><br>                            Defendants. | Case No. C07-04479 MHP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     May 19, 2008<br>Time:    2:00 p.m.<br>Place:    Courtroom 10<br>Judge:   Hon. Marilyn H. Patel<br><br>Case Filed:  August 29, 2007 |

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. - 2 -

II.  STATEMENT OF FACTS .......................................................................................... - 3 -

    A.   Pertinent Allegations of the Complaint ............................................................ - 3 -

        1.   Parties .................................................................................................... - 3 -

        2.   Breach of Contract Claim Against Stir Chef and Shanley ..................... - 4 -

        3.   Patent Infringement Claim Against All Defendants ............................... - 4 -

        4.   Fraud Claim Re the License Agreement Against Stir Chef and Shanley ................................................................................................. - 4 -

        5.   Fraud Claim Re the Mutual Release Agreement Against Stir Chef and Shanley ............................................................................................ - 5 -

    B.   The License Agreement and the Mutual Release Agreement ........................... - 5 -

III. ARGUMENT .............................................................................................................. - 6 -

    A.   The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted .......................................................................... - 6 -

        1.   The Complaint Should Be Dismissed In Its Entirety As Against Stir Chef and Shanley Because Suit Does Not Lie Against A Dissolved LLC Or Its Members Under These Circumstances ............................... - 6 -

        2.   The First Claim For Patent Infringement Should Be Dismissed As Against All Defendants Because It Fails To Give Defendants Notice Of The Allegations Against Them ........................................................ - 8 -

        3.   The Second Claim for Breach of Contract Should Be Dismissed .......... - 9 -

            (a)   The Second Claim Fails to Give Defendants Notice of the Claims Against Them ................................................................. - 9 -

            (b)   The Claim for Breach of the License Agreement Is Barred by the Mutual Release Agreement ............................................... - 10 -

            (c)   The Second Claim Should Be Dismissed As to Shanley ......... - 10 -

        4.   The Fraud Claims Are Not Pled with Particularity .............................. - 11 -

            (a)   The Alleged Misrepresentations Are Not Particularly Pled ..... - 12 -

                (i)   The Persons Allegedly Making Misrepresentations are Unidentified ............................................................ - 12 -


    (ii)  The Persons Allegedly Receiving Misrepresentations are Unidentified. .......................................................... - 12 -

    (iii)  The Alleged Misrepresentations are Unidentified. ........ - 13 -

  (b)  Any Alleged Oral Misrepresentations are Preempted by the License Agreement. ............................................................... - 13 -

IV.  CONCLUSION ........................................................................................... - 14 -

# TABLE OF AUTHORITIES

**Federal Cases**

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1988) .................................................................................................. 6

*Bell Atlantic Corp. v. Twombly*
    __U.S. ___, 127 S.Ct. 1955 (2007) ........................................................................................ 8

*Blake v. Dierdorff*
    856 F.2d 1365 (9th Cir. 1988) ............................................................................................... 11

*Bly-Magee v. California*
    236 F.3d 1014 (9th Cir. 2001) ............................................................................................... 11

*Dole Food Co. v. Patrickson*
    538 U.S. 468 (2003) ............................................................................................................... 8

*Dura Pharmaceuticals, Inc. v. Broudo*
    544 U.S. 336 (2005) ............................................................................................................... 9

*Gauvin v. Trombatore*
    682 F.Supp.1067 (N.D. Cal. 1988), cited in PLS-Pacific Laser Systems v. TLZ Inc.,
    No. C-06-04585 RMW, 2007 WL 2022020, at *10 (N.D. Cal. July 9, 2007) ................. 8, 9

*In re City Equities Anaheim, Ltd.*
    22 F.3d 954 (9th Cir. 1994) ................................................................................................... 13

*Kaufman & Broad-South Bay v. Unisys Corp.*
    822 F.Supp. 1468 (N.D. Cal. 1993) ........................................................................................ 5

*Lomaglio Associates, Inc. v. LBK Marketing Co.*
    876 F. Supp. 41 (S.D.N.Y. 1995) .......................................................................................... 12

*Mann v. Boatright*
    477 F.3d 1140 (10th Cir. 2007) ............................................................................................. 10

Mystic, LLC, 2002 WL 194492, *4 (Conn. Super. Jan. 11, 2002) ............................................... 7

*NAL II, Ltd. v. Tonkin*
    705 F. Supp. 522 (D. Kan. 1989) .......................................................................................... 12

*389 Orange Street Partners v. Arnold*
    179 F.3d 656 n. 2 (9th Cir. 1999) .......................................................................................... 11

*PLS-Pacific Laser Systems v. TLZ Inc.*
    No. C-06-04585 RMW, 2007 WL 2022020, at *10 (N.D. Cal. July 9, 2007) ................. 8, 9

1    *Semegen v. Weidner*
       780 F.2d 727 (9th Cir. 1985) ........................................................................................ 11
2
   *Strange v. Nationwide Mut. Ins. Co.*
3        867 F. Supp. 1209 (E.D. Pa. 1994) .............................................................................. 12

4    *Yourish v. California Amplifier*
       191 F.3d 983 (9th Cir. 1999) ........................................................................................ 11
5

6    **Federal Statutes**

7    California Corporations Code §17355 ........................................................................................ 6

8
   **Federal Rules**
9

10    Federal Rules of Civil Procedure Rule 8(a) .......................................................................... 3, 7, 8

11    Federal Rules of Civil Procedure Rule 9(b) .................................................................. 3, 11, 12, 13

12
   Federal Rules of Civil Procedure Rule 12(b) ................................................................................ 6
13
   **State Cases**
14
   *Associated Vendors, Inc. v. Oakland Meat Co., Inc.*
15        210 Cal.App.2d 825 (1962) ............................................................................................ 8

16    *Benchmark Investments LLC v. Elms at Mystic, LLC*
       2002 WL 194492, *4 (Conn. Super, Jan. 11, 2002) ........................................................ 7
17
   *Clemens v. American Warranty Corp.*
18        193 Cal.App.3d 444 (1987) .......................................................................................... 10

19    *Conrad v. Bank of America*
       45 Cal. App. 4th 133 (1996) ........................................................................................ 12
20
   *Fisher v. Pennsylvania Life Co.*
21        69 Cal. App. 3d 506 (1977) .......................................................................................... 13

22    *Tenzer v. Superscope, Inc.*
       39 Cal.3d 18 (1985) ...................................................................................................... 12
23
   **State Statutes**
24

25    Connecticut General Statutes § 24-214 ........................................................................................ 6

26
   Connecticut General Statutes § 34-133 ........................................................................................ 7
27

28
- iv -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 MHP

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on May 19, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Marilyn H. Patel, United States District Judge, in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, defendants Richard J. Shanley ("Shanley"), Wear The Best, Inc. ("Wear the Best") and Stir Chef LLC ("Stir Chef") (collectively, "Defendants") shall move pursuant to Rules 12(b)(6), 8(a), and 9(b) of the Federal Rules of Civil Procedure for an order dismissing the Complaint (the "Complaint"), on the grounds that the Complaint fails to state a claim upon which relief may be granted (1) as to defendant Stir Chef LLC due to its status as a dissolved Connecticut limited liability company with no undistributed assets; (2) as to defendant Shanley to the extent the claims pled against him are derivative of his relationship with Stir Chef; and (3) as to each of the First, Second, Third, and Fourth Claims.

This motion is made and based upon this notice of motion and motion, the supporting memorandum of points and authorities, all pleadings and papers on file herein, and such additional evidence and argument as may hereinafter be presented.

**STATEMENT OF ISSUES**

(N.D. Cal. Civil L.R. 7-4)

1. Does the Complaint state any claim upon which relief can be granted as to defendant Stir Chef, a dissolved Connecticut limited liability company?

2. Does the Complaint state any claim upon which relief can be granted as to defendant Shanley, to the extent the claims made against him are derivative of his relationship with Stir Chef?

3. Does the First Claim for Relief for patent infringement give each defendant fair notice of the claims against it or him?

4. Does the Second Claim for Relief for breach of contract state a claim for relief against any defendant where "one or both" agreements are alleged "upon information and belief" to have been breached?

5. Does the Second Claim for Relief for breach of contract state a claim for relief

against any defendant as to the License Agreement between Ardente, Inc. and Stir Chef, where all claims were released by the Mutual Release Agreement?

6. Does the Second Claim for Relief for breach of contract state a claim for relief against to Shanley, who is not a party to either the License Agreement or the Mutual Release Agreement?

7. Does the Third Claim for Relief state particularized facts sufficient to state a claim for fraud against Stir Chef?

8. Does the Third Claim for Relief state particularized facts sufficient to state a claim for fraud against Shanley?

9. Does the Fourth Claim for Relief state particularized facts sufficient to state a claim for fraud against Stir Chef?

10. Does the Fourth Claim for Relief state particularized facts sufficient to state a claim for fraud against Shanley?

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to the Court's Minute Order dated March 24, 2008, Defendants hereby state that they waive their personal jurisdiction defenses and submit to the jurisdiction of this Court. Having done so, Defendants move to dismiss the Complaint for failure to state a claim upon which relief may be granted.

In February 2003, plaintiff and Stir Chef entered into a patent licensing agreement. A year later, in February 2004, plaintiff and Stir Chef entered into a written agreement terminating the license agreement, providing for a final lump sum royalty to be paid to plaintiff, and mutually releasing all claims arising under the license agreement. Stir Chef then wound down and dissolved.

More than three years later, plaintiff filed this action alleging patent infringement, breach of contract, and fraud against Stir Chef and Richard Shanley, and patent infringement against Wear the Best.

The Complaint should be dismissed in its entirety as to defendant Stir Chef because,

having dissolved more than three years ago, Stir Chef is not subject to suit. It should also be dismissed as to Mr. Shanley to the extent the claims against him are derivative of those pled against Stir Chef. The Complaint contains no factual allegations whatsoever of infringing, breaching, or fraudulent conduct by Mr. Shanley. Instead, the sole basis for his status as defendant in this litigation appears to be based on boilerplate alter ego allegations. Such bare and conclusory allegations are insufficient to state a claim against Mr. Shanley.

Additionally, the Complaint fails to state a claim as to each of its four purported claims for relief. The purported patent infringement claim fails to give notice to each defendant of what it is accused of doing, in violation of Rule 8(a). Similarly, the breach of contract claim is not properly pled, invokes a contract from which the parties released each other, and ignores the fact that Stir Chef is the sole defendant that is a party to the contracts. Finally, the two fraud claims are hopelessly unspecific, in violation of Rule 9(b).

## II.     STATEMENT OF FACTS

### A.     Pertinent Allegations of the Complaint[1]

#### 1.     Parties

Plaintiff is a California corporation with its principal place of business in Brentwood, California. Complaint, ¶5. Plaintiff is the assignee and owner of all right, title, and interest in and to United States Letters Patent No. 6,113,258 (the "258 Patent"), a patent for a battery powered food stirrer. *Id*., ¶¶13, 14.

Defendant Stir Chef was, until its dissolution on or about March 15, 2004, a Connecticut limited liability company with its principal place of business in Connecticut. *Id*., ¶8. Wear The Best is a Connecticut corporation with its principal place of business in Connecticut. *Id*., ¶7. Shanley, an individual residing in Connecticut, is the president of Wear The Best, and was a member of the now-dissolved Stir Chef. *Id*., ¶¶6, 9. Shanley is alleged, upon information and belief, (1) to be "a conscious, active and dominant force" behind the acts of all the defendants, and (2) to be the alter ego of Stir Chef and Wear the Best. *Id*., ¶9.

---

[1] For the limited purposes of this motion, all allegations of the Complaint are treated as though true.

### 2. Breach of Contract Claim Against Stir Chef and Shanley

The Second Claim for Relief alleges breach of contract against Stir Chef and Shanley as follows: On February 13, 2003, plaintiff and Stir Chef entered into a written license agreement, under which Stir Chef was permitted to "make, use, sell and import products under the 258 Patent in exchange for certain payments to Plaintiff." ("License Agreement"). *Id.*, ¶20. On February 12, 2004, plaintiff and Stir Chef entered into a written termination-of-license agreement, "under which Stir Chef was required to cease all manufacturing and sales of products under the 258 Patent." ("Mutual Release Agreement"). *Id*. ¶21. The Complaint alleges upon information and belief that "Stir Chef breached one or both of the agreements by under-reporting sales and under-paying royalties due to Plaintiff pursuant to [the License Agreement], and/or by continuing to make, use, sell and/or import products under the 258 Patent in contravention of the [Mutual Release Agreement]." *Id.*, ¶22.

Mr. Shanley is not alleged to be a party to either contract, but is alleged to be "liable for the contractual breach(es) of Stir Chef because he was, during the acts alleged herein, a conscious, active and dominant force behind said breach(es)." *Id.*, ¶25.

### 3. Patent Infringement Claim Against All Defendants

The First Claim for Relief alleges patent infringement against Stir Chef, Shanley, and Wear the Best as follows:

> Upon information and belief, Defendants, and all of them, without authorization, have been and still are infringing the 258 Patent, and contributing to and actively inducing the infringement of said patent by others, in the United States, by making, using, selling, offering for sale and/or importing into the United States, within this judicial district and elsewhere, food-stirring products that embody the invention claimed in the 258 Patent.

*Id*., ¶15. The First Claim fails to specify what infringing acts each defendant is alleged to have committed.

### 4. Fraud Claim Re the License Agreement Against Stir Chef and Shanley

The Third Claim for Relief alleges plaintiff was fraudulently induced to enter into the License Agreement by Stir Chef's allegedly false promise to pay royalties pursuant to the terms of the License Agreement. *Id*., ¶¶27-34. Stir Chef is the only defendant that is a party to the License

1  Agreement. The Third Claim fails identify any particular misrepresentation, who made it, when it
2  was made, how it was made, to whom it was made, or why it was false when made. Nor does the
3  Third Claim allege any act or omission by Shanley. Finally, the Third Claim fails to allege the
4  fact that claims under the License Agreement were released by the Mutual Release Agreement.

5        **5.**      **Fraud Claim Re the Mutual Release Agreement Against Stir Chef and Shanley**
6

7  The Fourth Claim for Relief alleges plaintiff was fraudulently induced to enter into the
8  Mutual Release Agreement by Stir Chef's allegedly false promise to stop all sales and marketing
9  of licensed products by December 31, 2004. Complaint, ¶¶ 36-45. Again, Stir Chef is the sole
10 defendant that is a party to the Mutual Release Agreement. The Fourth Claim fails identify any
11 particular misrepresentation, who made it, when it was made, how it was made, to whom it was
12 made, or why it was false when made. The Fourth Claim does not allege any act or omission by
13 Shanley.

14       **B.**      **The License Agreement and the Mutual Release Agreement**

15 Plaintiff has not attached to the Complaint either the License Agreement or the Mutual
16 Release Agreement, but references both in the Complaint. Accordingly, the terms of the contracts
17 may be considered on a motion to dismiss. "If the plaintiff fails to attach a pertinent document to
18 its complaint, the defendant may introduce the document as part of a motion attacking the
19 complaint." *Kaufman & Broad-South Bay v. Unisys Corp.*, 822 F.Supp. 1468, 1472 (N.D. Cal.
20 1993). The License Agreement and Mutual Release Agreement are each attached herewith, as
21 Exhibits A and B respectively.

22 The Mutual Release Agreement states:

23     4.    Except for these obligations arising under[certain enumerated sections of the License Agreement] . . . both [Ardente] and [Stir Chef], each to the other, release and forever discharge, the other of them and the other's successors and assigns forever, and do remise, release and forever discharge the other, and the other's successors and assigns, of and from any and all manner of actions and actions, cause and causes of action, suit, damages, judgments, executions, property damage and demands whatsoever, in law or in equity, which each has ever had, or now has, against the other and the other's successors and assigns, arising out of or being a part of said License.

28 Exhibit B, ¶4.

- 5 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 MHP

## III. ARGUMENT

### A. The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted

Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

#### 1. The Complaint Should Be Dismissed In Its Entirety As Against Stir Chef and Shanley Because Suit Does Not Lie Against A Dissolved LLC Or Its Members Under These Circumstances

Plaintiff has no right to relief against a dissolved Connecticut limited liability company or its principals on the facts alleged. Connecticut law permits suit against a dissolved limited liability company only as follows:

> Any claim not barred pursuant to sections 34-212 and 34-213 may be enforced by a claimant, legal representative or assignee against:
>
> (1) the dissolved limited liability company *to the extent of its undistributed assets*, or (2) if the assets of a dissolved limited liability company have been distributed in liquidation, against one or more members of the dissolved limited liability company to the extent of their pro rata shares of the claim or the assets of the limited liability company distributed to them in liquidation, whichever is less, but *no member's total liability for all claims under this section shall exceed the total amount of assets distributed to that member*.

Connecticut General Statutes § 34-214 (emphasis added).[2]

Here, plaintiff has alleged that Stir Chef is a dissolved Connecticut LLC. However, it has not alleged, and cannot allege, that Stir Chef has any undistributed assets, or that Stir Chef distributed assets in liquidation to Shanley. Accordingly, plaintiff has not pled a claim under Section 34-214 of the Connecticut General Statutes. See, *Benchmark Investments LLC v. Elms at*

---

[2] California law is in accord. California Corporations Code §17355 states in pertinent part as follows: (a)(1) Causes of action against a dissolved limited liability company, whether arising before or after the dissolution of the limited liability company, may be enforced against any of the following: (A) Against the dissolved limited liability company, to the extent of its undistributed assets, including, without limitation, any insurance assets held by the limited liability company that may be available to satisfy claims. (B) If any of the assets of the dissolved limited liability company have been distributed to members, against members of the dissolved limited liability company to the extent of the limited liability company assets distributed to them upon dissolution of the limited liability company.

*Mystic, LLC*, 2002 WL 194492, *4 (Conn. Super. Jan. 11, 2002) (plaintiff failed to state a claim under Section 34-214 when its complaint failed to allege that the defendant limited liability company had been dissolved.)

Nor does the Complaint properly state any claim against Mr. Shanley that is derivatively based upon the alleged liability of Stir Chef. Connecticut General Statutes §34-133 provides that no member or manager of a limited liability company shall be liable, solely by reason of being a member or manager of such limited liability company, for any liability of the limited liability company. Because the allegations of the Complaint made against Mr. Shanley all appear to be based upon his alleged status as a manager or member of Stir Chef, the Complaint should be dismissed as against Mr. Shanley as well.

Specifically, the First Claim, for patent infringement, alleges no particular act or omission by Mr. Shanley that infringed the 258 Patent, but instead alleges merely that "Defendant Shanley is liable for the infringing acts of all other Defendants because he was, during the acts alleged herein, a conscious, active, and dominant force behind the unlawful acts of all other Defendants." Complaint, ¶18. To the extent this claim is based on purported actions by Stir Chef, it cannot lie against Mr. Shanley. (To the extent this claim is based on purported actions by Wear the Best, the claim should be dismissed for the reasons set forth in Section IIIA(2) below.)

The Second Claim, for breach of contract, does not allege that Mr. Shanley was a party to any contract, but simply that he was "a conscious, active and dominant force behind the said breach(es) [by Stir Chef]." Complaint, ¶25. If no claim may be enforced against Stir Chef, then this claim cannot lie against Shanley.

Similarly, the Third and Fourth Claims do not allege any fraudulent representation or other act by Shanley, but simply that he was "a conscious, active and dominant force behind such conduct [by Stir Chef]." Complaint, ¶¶34, 45.

Finally, the Complaint's alter ego allegations, in addition to being false and defamatory, are conclusory and made upon information and belief, and are insufficient to support a claim against Mr. Shanley. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Allegations in a complaint must "possess enough heft" to establish an entitlement to relief, and thus to permit the costly process of litigation to continue. *Bell Atlantic Corp. v. Twombly*, __U.S. ___, 127 S.Ct. 1955, 1966 (2007). Rule 8 requires that something more than "mere possibility" be alleged, "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* [Internal quotes and citations omitted.] Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.*, p. 1965, n. 3.

"A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003). To establish alter ego liability, plaintiff must show (1) a unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist, and (2) that if the acts are treated as those of the corporation alone, an inequitable result will follow. *Associated Vendors, Inc. v. Oakland Meat Co., Inc*. 210 Cal.App.2d 825, 837 (1962). The Complaint alleges no facts in support of the "unity of interest" requirement, beyond that Mr. Shanley is president of Wear the Best, and a member of Stir Chef. Complaint, para. 9. Nor do the bald and conclusory allegations made upon information and belief as to commingling and diversion of funds suffice to show that injustice to plaintiff would result from treating the alleged improper acts of Stir Chef as those of Stir Chef alone. Accordingly, the Complaint should be dismissed in its entirety as against Shanley.

### 2. The First Claim For Patent Infringement Should Be Dismissed As Against All Defendants Because It Fails To Give Defendants Notice Of The Allegations Against Them

Where allegations are made against multiple defendants, "plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp.1067, 1071 (N.D. Cal. 1988), cited in *PLS-Pacific Laser Systems v. TLZ Inc*., No. C-06-04585 RMW, 2007 WL 2022020, at *10 (N.D. Cal.

- 8 -

July 9, 2007).

In *PLS-Pacific*, where the complaint alleged patent infringement against multiple parties including corporations and individuals, Judge Whyte granted an individual defendant's motion to dismiss a patent infringement claim that was pled in part as follows:

> [d]efendants and their affiliates have infringed and continued to infringe the 487 patent by making, using, importing, offering for sale, and/or selling a portable laser device for alignment which embodies the patented invention set forth in the 487 patent claims.

*Id.* Judge Whyte stated:

> The court does not find these allegations sufficient to give each named defendant sufficient notice of the particular claims and grounds for the claims against them. Although there may be some overlap in the alleged conduct upon which claims against the different corporate defendants and individual defendants rest, the parties do not dispute that each corporate defendant and the individual defendants have different roles within defendants' corporate structure.

*Id.* The language of the Complaint here is similar:

> Upon information and belief, Defendants, and all of them, without authorization, have been and still are infringing the 258 Patent, and contributing to and actively inducing the infringement of said patent by others, in the United States, by making, using, selling, offering for sale and/or importing into the United States, within this judicial district and elsewhere, food-stirring products that embody the invention claimed in the 258 Patent.

Complaint, ¶15. As in *PLS-Pacific*, there are multiple defendants here including a corporation, a dissolved limited liability company, and an individual. These defendants are not alleged to have identical roles in any corporate structure, nor could such an allegation be made. As in *PLS-Pacific*, the First Claim for patent infringement here is pled against multiple defendants, and fails to give each defendant sufficient notice of the particular claims and the grounds for the claims against it or him. Accordingly, the First Claim for Relief should be dismissed.

### 3. The Second Claim for Breach of Contract Should Be Dismissed

#### (a) The Second Claim Fails to Give Defendants Notice of the Claims Against Them

Rule 8(a) requires a complaint to give defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005). The Complaint's second claim for breach of contract against Stir Chef and

- 9 -

Shanley fails to meet this requirement. The second claim identifies two contracts, then alleges, "[u]pon information and belief Defendant Stir Chef breached one or both of the agreements . . . ." Complaint, ¶23. In order to formulate a response, defendants need to know which agreement or agreements they are accused of breaching. *See, e.g., Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007) (plaintiffs required "to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.") The second claim fails to meet Rule 8's standard, and accordingly should be dismissed.

### (b) The Claim for Breach of the License Agreement Is Barred by the Mutual Release Agreement

Assuming that the Second Claim intends to plead breach of the License Agreement, no breach of contract claim lies, because the Mutual Release Agreement expressly released such claims arising under the License Agreement. Paragraph 4 of the Mutual Release Agreement states:

> 4.    Except for these obligations arising under[certain enumerated sections of the License Agreement] . . . both [Ardente] and [Stir Chef], each to the other, release and forever discharge, the other of them and the other's successors and assigns forever, and do remise, release and forever discharge the other, and the other's successors and assigns, of and from any and all manner of actions and actions, cause and causes of action, suit, damages, judgments, executions, property damage and demands whatsoever, in law or in equity, which each has ever had, or now has, against the other and the other's successors and assigns, arising out of or being a part of said Licensee.

(Mutual Release Agreement, Exhibit B hereto.) Even assuming, *arguendo,* that Stir Chef breached the License Agreement by underreporting sales or underpaying royalties (which it did not), Ardente released any such claim in the Mutual Release Agreement. Accordingly, the claim should be dismissed as to Stir Chef.

### (c) The Second Claim Should Be Dismissed As to Shanley

"Under California law, only a signatory to a contract may be liable for any breach." *Clemens v. American Warranty Corp.*, 193 Cal.App.3d 444, 452 (1987). Shanley is not a party to the License Agreement or the Mutual Release Agreement. The Complaint's sole basis for claiming breach of either contract by Shanley is that he was allegedly a "conscious, active and dominant force behind said breaches," or that he was Stir Chef's alter ego. Complaint, ¶9, 25.

1  Where no claim lies against Stir Chef, no claim can lie against Shanley.

2  Accordingly, the second claim should be dismissed as to both Stir Chef and Shanley.

### 4. The Fraud Claims Are Not Pled with Particularity

Where fraud is asserted as a basis for relief, plaintiffs must set forth "the circumstances constituting fraud . . . with particularity." Fed.R. Civ.P. Rule 9(b). Failure to satisfy Rule 9(b)'s requirements requires dismissal of the complaint. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). The heightened pleading standard for fraud allegations "serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as pretext for discovery of unknown wrongs . . . and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citations omitted).

Every element of a fraud claim must be pled with particularity. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 663 n. 2 (9th Cir. 1999). Pleading fraud with particularity requires plaintiffs to set forth "specific descriptions of the representations made, [and] the reasons for their falsity." *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988); *Moore, supra,* 96 F.3d at 1245-46. To allege fraud with particularity, a plaintiff must set forth what is false or misleading about a statement and why it is false. *Yourish v. California Amplifier,* 191 F.3d 983, 993 (9th Cir. 1999). It is insufficient for plaintiff to merely "set forth conclusory allegations of fraud . . . punctuated by a handful of neutral facts." *Semegen, supra*, 780 F.2d at 731.

Here, both the Third and Fourth Claims attempt to turn breach of contract claims into fraud claims via conclusory allegations that Stir Chef had no intention of performing at the time it entered into the License Agreement and Mutual Release Agreement. The allegation that Stir Chef may have violated the terms of the License Agreement or the Mutual Release Agreement (as asserted in the Second Claim), as a matter of law, does not of itself establish a further claim for fraud. "The suggest[ion] that proof that a promise was made and that it was not fulfilled is sufficient to prove fraud . . . is not, and has never been, a correct statement of the law . . . 'something more than nonperformance is required to prove the defendant's intent not to perform

- 11 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
Case No. C07-04479 MHP

1  his promise'" *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30-31 (1985) (citations omitted); *accord,*
2  *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 156-57 (1996) ("a claim of fraud cannot be
3  permitted to serve simply as an alternative cause of action [to breach of contract]").  Plaintiff has
4  failed to plead any facts which would allow an inference that Stir Chef had no intention of
5  performing the promises made in either agreement at the time Stir Chef entered into them.
6  Accordingly, the Third and Fourth Claims should be dismissed.

          **(a)    The Alleged Misrepresentations Are Not Particularly Pled**

8  The Complaint does not specify the contents of the alleged misrepresentations, whether
9  they were verbal or written, which of the defendants allegedly made them, or to whom, or when or
10  where.

          **(i)    The Persons Allegedly Making Misrepresentations are Unidentified.**

13  Stir Chef is a corporate defendant. As such, it cannot be liable for fraud unless its
14  authorized representative(s) that supposedly made misrepresentations are identified.  E.g.,
15  *Lomaglio Associates, Inc. v. LBK Marketing Co.*, 876 F. Supp. 41, 44 (S.D.N.Y. 1995)
16  ("Allegedly fraudulent statements must be linked to individual speakers . . . Attributing statements
17  to a corporate entity does not suffice to link those statements to any individuals . . .").  The
18  Complaint does not allege that Mr. Shanley, or anyone else on behalf of Stir Chef, made any
19  misrepresentations.

          **(ii)    The Persons Allegedly Receiving Misrepresentations are Unidentified.**

22  Likewise, the Complaint does not identify which of plaintiff's personnel heard the alleged
23  misrepresentations.  A complaint that does not indicate who received allegedly fraudulent
24  information does not meet the requirements of Rule 9(b).  *E.g., Strange v. Nationwide Mut. Ins.*
25  *Co.*, 867 F. Supp. 1209, 1219 (E.D. Pa. 1994); *NAL II, Ltd. v. Tonkin*, 705 F. Supp. 522, 526 (D.
26  Kan. 1989) ("Tonkin has failed to specify to whom the [fraudulent] statement was made . . . Thus,
27  [his] counterclaim fails to meet the requirements of Rule 9(b).").  Plaintiff's allegations are
28  deficient for this reason as well.

       **(iii) The Alleged Misrepresentations are Unidentified.**

The Complaint does not allege specific instances of oral misrepresentations, or when, where, or how any such misrepresentations were made, or what specifically was stated. As such the boilerplate fraud allegations are patently defective under Rule 9(b).

   **(b) Any Alleged Oral Misrepresentations are Preempted by the License Agreement.**

Even assuming that one or more Defendants made oral promises in the course of negotiating the License Agreement, plaintiff could not have reasonably relied on them. The alleged oral misrepresentations are foreclosed by the terms of the License Agreement itself, which is an integrated document specifically superseding other communications between the Parties. Paragraph 10.01 of the License Agreement states:

> This instrument contains the entire and only Agreement between the parties and supersedes all preexisting agreements between them respecting its subject matter. Any representation, promise, or condition in connection with such subject matter which is not incorporated in this Agreement shall not be binding on either party.

(Ex. A, ¶10.01.) Such an agreement, as a matter of law, "amounts to a statement, now binding on plaintiff, that any other representations previously made to [it] were not material inducements to [its] execution of the [A]greement." *Fisher v. Pennsylvania Life Co.*, 69 Cal. App. 3d 506, 511 (1977); *see also, In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994) (following *Fisher*) ("A promise which carries on its face its own denial deserves no legal protection"). Accordingly, the Third Claim should be dismissed.

*///*

## IV. CONCLUSION

For all of the foregoing reasons, defendants Shanley, Wear The Best and Stir Chef respectfully request that this Court dismiss the Complaint in its entirety as against all defendants for failure to state a claim upon which relief may be granted.

Dated:  April 14, 2008                              BERGESON, LLP

                                                    By:         /s/
                                                            Hway-ling Hsu

                                                    Attorneys for Defendants
                                                    RICHARD J. SHANLEY;
                                                    WEAR THE BEST, INC.; and
                                                    STIR CHEF LLC